### STATE v. ALLEN.

### STATE v. WILLIAMS.

Ohio Supreme Court.

Nos. 20506 and 20507. Decided Dec. 28, 1927.

Error to Perry Appeals.

Judgment reversed.

685. JUSTICE OF THE PEACE—Court of, is not court of record.

328. COURT OF APPEALS—681. Jurisdiction—Art. IV, Sec. 6 of the Constitution does not confer jurisdiction upon Court of Appeals to entertain error proceedings direct from justice court.

MARSHALL, CJ.

1. A justice of the peace is not a court of record.

2. Section 6 of article 4 of the constitution as amended and effective January 1, 1913, does not confer jurisdiction upon the Court of Appeals to entertain an error proceeding direct from a justice of the peace.

(Day, Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

---

### STATE ex JOHNSON & HIGGINS CO. v. SAFFORD, Supt. of Ins.

### STATE ex MARSH & McLENNAN CO. v. SAFFORD, Supt. of Ins.

Ohio Supreme Court.

Nos. 20769 and 20770. Decided Dec. 28, 1927.

In Mandamus.

Demurrer sustained.

313. CORPORATIONS—647. Insurance.

1. In furtherance of Justice, fiction of corporate entity may be disregarded.

2. Where statutes forbids issuing insurance agent's license unless applicant be resident of State and superintendent of insurance has denied license to domestic insurance corporation, majority of whose capital stock is owned by holder of foreign insurance broker's license upon ground that fiction of domestic corporate entity is sought to be used as means of circumventing statute, writ of mandamus seeking to compel superintendent to issue such license will be denied.

DAY, J.

1. In the furtherance of justice, the fiction of a corporate entity may be disregarded where the corporation is so controlled and its affairs so conducted as to make it merely an instrumentality for the purpose of evading and circumventing a state law.

2. Where a statute forbids the issuing of an insurance agent's license unless the applicant be a resident of the state, and the superintendent of insurance, pursuant to administrative precedent and in the exercise of a sound discretion, has denied a license to a domestic insurance corporation, the majority of whose capital stock is owned by the holder of a foreign insurance broker's license, upon the ground that the fiction of the domestic corporate entity is sought to be used as a means of circumventing the statute by such holder of a foreign insurance broker's license, a writ of mandamus seeking to compel the superintendent of insurance to issue such license will be denied.

(Marshall, CJ., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)

---

### BLACKMORE, Rec. v. P. U. C.

Ohio Supreme Court.

No. 20751. Decided Dec. 28, 1927.

Error to P. U. C.

Order affirmed.

793a. MOTOR TRANSPORT—1002. Receivers—973. Public Utilities Commission—216. Certificates—Of Convenience and Necessity.

1. Receiver of motor transport company which has no assets cannot, without consent of Public Utilities Commission, dismiss application to sell certificate of public convenience and necessity filed prior to his appointment.

2. Receiver of motor transport company cannot operate motor vehicle for transportation for hire except in accordance with motor transport act.

3. Receiver of motor transport company cannot transfer certificate of public convenience and necessity except with consent of Public Utilities Commission after public hearing.

ALLEN, J.

1. The duly appointed and qualified receiver of a motor transportation company, which has no assets whatever, either real or personal, cannot, without the consent of the Public Utilities Commission, dismiss an application to sell the certificate of public convenience and necessity of such motor transportation company filed with the Public Utilities Commission of Ohio prior to his appointment.

2. Under Section 614-85, General Code, the receiver of a motor transportation company cannot operate any motor propelled vehicle for the transportation of persons or property or both for hire on any public highway in the state of Ohio except in accordance with the motor transportation act.

3. Under Section 614-87, General Code, the receiver of a motor transportation company cannot transfer a certificate of public convenience and necessity except with the consent of the Public Utilities Commission after a public hearing had thereon.

(Marshall, CJ., Day, Kinkade, Robinson, Jones and Matthias, JJ., concur.)